UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDEN JERMAINE MEDLEY,

    Petitioner,

v.

CASE NO. 15-14258
HONORABLE JOHN CORBETT O'MEARA

PAUL KLEE,

    Respondent.
_____/

**ORDER TRANSFERRING THE HABEAS PETITION TO THE
COURT OF APPEALS AS A SECOND OR SUCCESSIVE
PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Olden Jermaine Medley, a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges Petitioner's convictions in Wayne County, Michigan for three firearm offenses. Petitioner previously filed a federal habeas corpus petition challenging the same convictions, and he has not acquired permission to file a second or successive habeas petition. The Court therefore will transfer this case to the United States Court of Appeals for the Sixth Circuit for consideration of whether this Court may adjudicate Petitioner's claims.

**I. Background**

In 2006, a jury in Wayne County Circuit Court found Petitioner guilty of: possessing a firearm during the commission of a felony (felony firearm), *see* Mich. Comp. Laws § 750.227b; being a felon in possession of a firearm, *see* Mich. Comp. Laws § 750.224f; and carrying a concealed weapon (CCW), *see* Mich. Comp. Laws §

750.227. The trial court sentenced Petitioner to imprisonment for concurrent terms of twenty-three months to five years for the felon-in-possession and CCW convictions and to a consecutive term of two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished decision, *see People v. Medley*, No. 272069, 2008 WL 108956 (Mich. Ct. App. Jan. 10, 2008), and on May 27, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Medley*, 481 Mich. 879; 748 N.W.2d 843 (2008) (table decision).[1]

In 2009, Petitioner filed his first habeas corpus petition. He alleged that: (1) his consecutive sentences for felony firearm and felon in possession of a firearm constituted multiple punishments for the same offense; (2) the improper qualification of an expert witness violated his right to due process; and (3) trial counsel was ineffective for failing to request a jury instruction about the prosecution's refusal to produce crucial evidence. On June 30, 2011, United States District Judge Denise Page Hood denied Petitioner's application for the writ of habeas corpus with prejudice and declined to issue a certificate of appealability. Judge Hood stated that Petitioner's double jeopardy claim lacked merit, that his claim about a police investigator's testimony was not cognizable

---

[1] Justice Marilyn J. Kelly voted to

> grant leave to consider whether being a felon in possession of a firearm can be the underlying felony for a conviction of possession of a firearm during the commission of a felony and whether double jeopardy [was] implicated for the reasons stated in [her] concurring opinion in *People v. Calloway*, 469 Mich. 448, 457, 671 N.W.2d 733 (2003).

*Medley*, 481 Mich. at 879; 748 N.W.2d at 843.

2

on habeas review and lacked merit, and that the state appellate court's rejection of Petitioner's claim about his trial attorney was reasonable. *See Medley v. Conerly*, No. 2:09-cv-10273 (E.D. Mich. June 30, 2011). Petitioner did not appeal Judge Hood's decision.

In 2015, Petitioner filed a motion for relief from judgment, which the state trial court denied, and on December 1, 2015, Petitioner filed the pending habeas corpus petition. His first claim alleges a violation of the constitutional rights to a fair trial and due process. Specifically, Petitioner asserts that neither a police officer's "dash cam," nor any weapon, was produced at trial and that the gun he allegedly possessed was not tested for fingerprints. The second and final habeas claim alleges that Petitioner's trial attorney was ineffective for failing to raise the issue about the "dash cam" not being produced at trial and the weapon not being processed for fingerprints.

## II. Analysis

As noted above, this is Petitioner's second federal habeas corpus petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "limits a prisoner's right to file a 'second or successive' habeas petition in federal court." *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). AEDPA

> established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d

480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

A habeas petition is considered "second or successive" for purposes of 28 U.S.C. § 2244(b) if the initial petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Judge Hood adjudicated Petitioner's first habeas corpus petition on the merits and rejected Petitioner's claims. Thus, the pending petition is a second or successive petition for purposes of § 2244(b)(3)(A). Furthermore, Petitioner has not alleged that he requested and received permission from the Court of Appeals for the Sixth Circuit to file a second or successive petition. Because Petitioner has not received authorization from the Court of Appeals to file his petition, this Court has no jurisdiction to consider his claims. *Burton*, 549 U.S. at 157. Accordingly, the Clerk of the Court is ordered to

---

[2] Section 1631 of Title 28, United States Code, states that,

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

transfer Petitioner's case to the Court of Appeals for consideration of whether this Court may adjudicate Petitioner's claims.

                                                      s/John Corbett O'Meara
                                                     United States District Judge

Date:  January 6, 2016

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 6, 2016, using the ECF system and/or ordinary mail.

                                                       s/William Barkholz
                                                     Case Manager